Dear Chief Minor:
You advise you are the elected police chief for the Town of Baldwin. You further advise that in May of 2005 you recommended to the Mayor and Board of Aldermen of the Town of Baldwin that an officer in your employ be fired for insubordination, conduct unbecoming an officer, interfering with and interrupting an ongoing investigation, and disrespecting the chief of police in a public setting.
At the May 2005 town meeting the matter was discussed but tabled until the next board meeting. Apparently, the situation regarding the officer named in your correspondence remains unresolved.
R.S. 33:423 provides:
 A. The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance. In those municipalities governed by the provisions of this Part, R.S. 33:321 et seq., which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel. Such nominations or recommendations are to be made regardless of race, color, disability, as defined in R.S. 51:2232(11), or creed.
 B. The provisions of Subsection A of this Section shall not be construed to limit or restrict the provisions of R.S. 33:423.3.
Pursuant to R.S. 33:423, it is mandatory that the chief of police make a recommendation to the mayor or board of aldermen for the "appointment of police *Page 2 
personnel, for the promotion of officers, to effect disciplinary action and for dismissal of police personnel." The word recommendation "refers to an action which is advisory in nature rather than one having any binding effect." Black's Law Dictionary 626 (5TH ED. 1979). See Grant vs. Grace,870 So.2d 1011 (LA 2004), at page 1016.
The Louisiana Supreme Court in Grace, supra, stated that "a `recommendation' is merely advice which need not be followed. . . . . R.S. 33:423 "in no way mandates that the municipality adopt, in whole or in part, the recommendation of the chief of police." Grace, at 1016.
Under R.S. 33:423, a police chief must make recommendations with respect to any of the employment actions enumerated therein to the municipality. However, the municipality need not adopt such recommendation and may, after the recommendation, take its own action as relates to the police officer.
You have provided statements of various witnesses to the actions of this police officer, as well as the statement of the officer whose insubordination is alleged. The question of whether the acts committed by this municipal police officer amount to insubordination are fact-sensitive and can only be answered by finders of fact. It is outside the function of this office to make findings of fact. It is first incumbent upon the mayor and board of aldermen to review the matter and take its own action regarding this officer.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: ___________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL